NO. 07-00-0117-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

AUGUST 14, 2001

______________________________

JOHNNY RAY MUNIZ,

Appellant

v.

THE STATE OF TEXAS, 

Appellee

_________________________________

FROM THE 242
ND
 DISTRICT COURT OF HALE COUNTY;

NO. B-13451-9906; HON. ED SELF, PRESIDING

_______________________________

Before BOYD, C. J., QUINN and REAVIS

Johnny Ray Muniz (appellant) appeals his conviction for delivery of a controlled substance in a drug free school zone.  His sole issue involves whether the trial court abused its discretion in overruling his challenges for cause made against two venire members.  We overrule the issue and affirm.

Background

While selecting a jury, appellant challenged for cause two members of the venire. They were allegedly bias due to their employment with the Hale County District Attorney.  The court denied both challenges after each represented that they could render a verdict based upon the evidence presented as opposed to what they may have known about the case.  Subsequently, appellant requested two additional peremptory strikes, which request was also denied.  

Upon completion of voir dire, the litigants exercised their existing peremptory strikes.  Apparently, appellant used two of his to remove from the venire the employees he had previously challenged.  Upon receiving information of the strikes exercised, the trial court selected the jurors and administered to them their oath.  Then, the remaining venire members were excused, and the court recessed for lunch.  After the proceeding reconvened approximately two hours later, appellant informed the court that he was “required to strike those two jurors , but that [he] ... would also like to have struck No. 4, Derrell Smith, and No. 11, Herman Buckner, which [he was] unable to strike as a result of that particular situation.”   

Discussion

To preserve a complaint such as that at bar, the complainant must demonstrate that (1) he exhausted all of his peremptory challenges, (2) the trial court denied his request for additional peremptory challenges, and (3) he was forced to accept an objectionable juror due to the court’s failure to grant a prior challenge for cause or grant additional peremptory strikes.  
Coble v. State
, 871 S.W.2d 192, 201 (Tex. Crim. App. 1993), 
cert. denied
, 513 U.S. 829, 115 S. Ct. 101, 130 L. Ed.2d 50 (1994); 
Credille v. State
, 925 S.W.2d 112, 115 (Tex. App.–Houston [14
th
 Dist.] 1996, pet. ref’d).
  Furthermore, the complainant must not only identify the objectionable juror to the trial court before the jury is sworn, 
Credille v. 

State, 
925 S.W.2d at 115
, but also illustrate why the juror was objectionable.  
Cooks v. State
, 844 S.W.2d 697, 727 (Tex. Crim. App. 1992).

Here, the identities of the purportedly objectionable venire members were not revealed to the trial court until after it had sworn in the jury.  Nor did appellant demonstrate below or at bar why the two venire members he had to accept were objectionable.  Thus, the purported error complained of was not properly preserved for our review.  

Accordingly, we affirm the judgment of the trial court.

Brian Quinn

   Justice

Do not publish.